IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR MATTHEWS, : | |
|     Plaintiff : | |
|   v. : | Case No. 3:23-cv-202-KAP |
| Ms. WITT, *et al.*, : | |
|     Defendants : | |

<u>Memorandum Order</u>

    In the Summer of 2023, plaintiff Jamar Matthews, an inmate at S.C.I. Laurel Highlands, began filing pleadings that have now been docketed as three civil complaints at <u>Matthews v. Good</u>, Case No. 3:23-cv-147-KAP (W.D.Pa.), <u>Matthews v. Witt</u>, Case No. 3:23-cv-202-KAP (W.D.Pa.) (this case) and <u>Matthews v. Fraley</u>, Case No. 3:23-cv-203-KAP (W.D.Pa.). In this case, Matthews seeks damages and injunctive relief against nine named defendants (Witt, Creveling, Shoff, Hainsworth, Varner, Schrock, Hollabaugh, Hoover, and Price) based on the Amended Complaint at ECF no. 18.

    Counsel has appeared for all defendants except Hollabaugh, whom the Marshal could not serve. Hollabaugh is described as a "grievance coordinator" in ¶7 of the Amended Complaint and then not mentioned by name again until ¶66, where Matthews makes a claim for compensatory damages against her in her official capacity for violating the Rehabilitation Act and Americans with Disabilities Act. Matthews makes a further claim under the Rehabilitation Act and Americans with Disabilities Act for emotional damages against all defendants in their official capacities in ¶69, and seeks punitive damages and injunctive and declaratory relief against all defendants in ¶71, ¶75, and ¶76. Matthews seeks punitive damages for violation of the Equal Protection Clause in ¶74 from a subset of defendants -not including Hollabaugh- named in their individual and official capacities in ¶72. In short, Hollabaugh, who has not been served by the Marshal because she may not be identified correctly, is only sued in an official capacity.

    "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71 (1989)(citation omitted). Matthews' claims against all defendants as employees of the Department of Corrections equal one claim against the Department of Corrections (and therefore the Commonwealth itself). Naming Hollabaugh is redundant: the other eight defendants named in their official capacity already bring the Commonwealth in as a defendant to the extent there is a claim against any one of them. Since there are no individual capacity claims against Hollabaugh (and almost certainly cannot be, since the weight of authority is that the ADA and RA do not subject individuals to liability, *see*

1

<u>Emerson v. Thiel College</u>, 296 F.3d 184, 189 (3d Cir. 2002); <u>Snider v. Pennsylvania DOC</u>, 505 F. Supp. 3d 360, 406 (M.D. Pa. 2020)) there is no reason to keep her in this litigation. I will dismiss her as a named defendant from this action under Fed.R.Civ.P. 42(b) unless Matthews can within a reasonable time provide a reason why she should stay in this action and directions for service that allow the Marshal to identify her. The dismissal would be without prejudice since Matthews' claims against Hollabaugh, to the extent permitted at all, are in the case without Hollabaugh. In the meantime, counsel having appeared for the other defendants, the following pretrial schedule is ordered:

1. Answers or motions to dismiss shall be filed by February 1, 2025. Motions to dismiss and motions other than discovery motions and motions for summary judgment shall be accompanied by a memorandum of law in support and responded to within twenty days of receipt. Discovery motions should only be filed after attempts to resolve the matter between the parties have failed, shall briefly state the matter in dispute without need of a supporting memorandum of law, and shall be responded to within five days.

2. Discovery shall be completed by April 30, 2025. Defendants are given leave to depose inmates without need of a motion under Rule 30(a)(2)(B).

3. Motions for summary judgment shall be filed on or before May 31, 2025. Responses to motions for summary judgment are due within thirty days.

4. If no summary judgment motions are filed, the pretrial statement of plaintiff shall be filed on or before June 15, 2025, and the pretrial statement of defendants shall be filed on or before June 30, 2025.

DATE:  December 11, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Jamar Matthews MB-2588
S.C.I. Laurel Highlands
5706 Glades Pike
Somerset, PA 15501